**Jaime Santiago CRUZ–ORTIZ, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, Attorney General; Michael Chertoff, Secretary of the Department of Homeland Security, Respondents–Appellees.**

**No. 06–55654.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007 *.

Filed Feb. 22, 2007.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner–Appellant.

Larry P. Cote, Esq., U.S. Department of Justice, Civil Div./Office of Immigration

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

Lit., Washington, DC, Sharla Cerra, Esq., for Respondents–Appellees.

Before: McKAY,** KOZINSKI and TROTT, Circuit Judges.

MEMORANDUM ***

The district court properly determined that the REAL ID Act stripped it of habeas jurisdiction over appellant's final order of removal, *see Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir.2006), and that appellant's habeas petition was a disguised attempt to challenge the validity of the removal order. In any event, appellant is being voluntarily detained—upon his requested stay of removal—pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C. § 1231(a)(2) requires such detention: "After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.